*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BARTON, Minors.

UNPUBLISHED
May 13, 2021

No. 352238
Wayne Circuit Court
Family Division
LC No. 2016-523590-NA

Before: K. F. KELLY, P.J., and SERVITTO and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right an order terminating her parental rights to the minor children, JTB and JLB, pursuant to MCL 712A.19(b)(3)(c)(*i*) (conditions that led to adjudication continued to exist) and (j) (children will be harmed if returned to parent).[1] Respondent argues that there was insufficient evidence to terminate her parental rights, petitioner failed to make reasonable efforts to rectify the conditions that caused removal, and termination was not in the best interests of the children. We affirm.

## I. FACTS AND PROCEEDINGS

In October 2016, petitioner filed a petition for temporary custody of JTB and removed him from respondent because respondent was not compliant with her mental health treatment and had threatened to commit suicide. Respondent pleaded to jurisdiction and entered into a parent-agency agreement. The treatment plan required respondent to attend parenting classes, a psychological evaluation, and individual counseling with a domestic violence component, obtain a legal income and stable housing, continue her mental health treatment, and attend weekly supervised visitation. Respondent was initially compliant with her treatment plan, but missed some parenting-time visits because of transportation issues and some therapy sessions because of a payment issue with Medicaid.

---

[1] The trial court also terminated the parental rights of the children's fathers, who are not parties to this appeal.

Respondent's second child, JLB, was removed from her care at birth. In October 2017, respondent pleaded to jurisdiction. She admitted using marijuana during her pregnancy and her treatment plan was continued with the addition of a substance abuse assessment and substance abuse screenings.

During the proceedings, respondent completed parenting classes, but did not benefit from them. She did not complete Infant Mental Health (IMH) services. She missed numerous parenting-time visits as well as drug screens, testing positive for drugs on numerous occasions. She failed to obtain suitable housing despite assistance from a parent-partner. Respondent received supplemental security income (SSI), but it was insufficient to care for the children. She was also inconsistent with her mental health treatment and was terminated from several providers because of her behavior. At the termination hearing, the foster-care workers opined that, despite there being a bond between respondent and the children, it was in the children's best interests to terminate respondent's parental rights. The trial court terminated respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*) and (j), and found that termination was in the children's best interests.

## II. STATUTORY GROUNDS FOR TERMINATION

Respondent first contends that there was insufficient evidence to terminate her parental rights to the children. We disagree.

"To terminate parental rights, a trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 635; 853 NW2d 459 (2014) (quotation marks and citation omitted). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination. The trial court's factual findings are clearly erroneous if the evidence supports them, but [this Court is] definitely and firmly convinced that it made a mistake." *In re White*, 303 Mich App 701, 709-710; 846 NW2d 61 (2014) (citations omitted). "A reviewing court must defer to the special ability of the trial court to judge the credibility of witnesses." *In re LaFrance*, 306 Mich App 713, 723; 858 NW2d 143 (2014).

The trial court found that termination was proper pursuant to MCL 712A.19b(3)(c)(*i*) and (j), which provide:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:
>
> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

With regard to MCL 712A.19b(3)(c)(*i*), the conditions that led to the adjudication were that respondent was not compliant with her mental health treatment and expressed suicidal ideations. As part of her treatment plan, she was ordered to attend parenting classes, participate in IMH services, attend individual therapy with a domestic violence component, complete a psychological evaluation, complete a psychiatric evaluation if recommended, obtain and maintain suitable housing, obtain and maintain a legal source of income, maintain mental health, and maintain regular contact with the foster-care worker. Subsequently, JLB was brought into care in part because of respondent's substance abuse and a substance abuse assessment and drug screens were added to respondent's treatment plan.

Contrary to respondent's assertion, at the time of the termination hearing, she was not in full compliance with her treatment plan. She had completed parenting classes, but failed to benefit from them, as exhibited by her inappropriate behavior during visits. She did not complete or benefit from IMH services. She missed more than half of her scheduled parenting-time visits, missed numerous drug screens, had positive drug screens, and did not have a suitable home. Contrary to respondent's assertion that petitioner did not make a sufficient effort to assess the home, the evidence established that respondent refused to allow the worker to assess the home. In addition, respondent lived with her mother (the maternal grandmother), who was found not to be appropriate for placement because she had a history with Child Protective Services and because of discord with respondent. By the last day of the termination hearing, respondent had also stopped attending individual therapy. She was still missing parenting-time visits and did not have suitable housing.

Given the length of time that the children had been in care and respondent's minimal progress with her treatment plan, the trial court did not clearly err by finding that the conditions that led to the adjudication continued to exist and would not be rectified within a reasonable time. Furthermore, respondent's failure to comply with and benefit from her treatment plan was evidence that the children would be harmed if returned to her care. See *In re White*, 303 Mich App at 711. The trial court also did not clearly err by finding that respondent's substance abuse would put the children at risk of harm. Accordingly, the trial court did not clearly err by finding grounds for termination of respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*) and (j).

## III. REASONABLE REUNIFICATION EFFORTS

Respondent next argues that petitioner failed to make reasonable efforts to rectify the conditions that caused removal and to reunify her and the children. We disagree.

Respondent did not contest the reasonableness of reunification efforts in the trial court. Therefore, this issue is unpreserved. See *In re Terry*, 240 Mich App 14, 27; 610 NW2d 563

(2000).[2] This Court reviews unpreserved claims for plain error affecting substantial rights. *In re Beers*, 325 Mich App 653, 677; 926 NW2d 832 (2018). Under the plain-error rule, respondent must establish that a clear or obvious error occurred, and that the error affected the outcome of the proceedings. *Id.*

"Under Michigan's Probate Code, [petitioner] has an affirmative duty to make reasonable efforts to reunify a family before seeking termination of parental rights." *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017). "As part of these reasonable efforts, [petitioner] must create a service plan outlining the steps that both it and the parent will take to rectify the issues that led to court involvement and to achieve reunification." *Id.* at 85-86. Whether reasonable services were offered relates to the sufficiency of the evidence for termination of parental rights. *In re Fried*, 266 Mich App 535, 541; 702 NW2d 192 (2005). "While [petitioner] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). To prove a claim of lack of reasonable efforts, respondent must show that she would have fared better had petitioner offered other services. *In re Fried*, 266 Mich App at 543.

Respondent contends that petitioner failed to provide her with assistance with finding housing, securing a job, learning parenting skills, and addressing her mental health as well as her substance abuse. Petitioner, however, provided respondent with services to address each of these issues, but she failed to participate or benefit.

With regard to housing, respondent failed to obtain stable housing despite assistance from her parent-partner. Furthermore, while respondent contends that she had stable housing with the grandmother, she did not allow the worker to assess that home. Moreover, the grandmother was found not to be an appropriate placement for the children. Respondent fails to explain what additional housing services should have been provided and fails to show that she would have fared better had additional services been offered.

With regard to employment, respondent did not request assistance with finding employment. Nonetheless, respondent's parent-partner helped her with finding employment. Respondent had a job at McDonald's, but stopped working there "due to issues with staff." She also had lawful income from SSI, but it was insufficient to care for the children. Again, respondent failed to explain what additional employment services should have been provided and how she would have fared better had additional services been provided.

With regard to parenting skills, respondent was provided with and completed parenting classes, but she failed to benefit from them. Respondent was also provided with IMH services,

---

[2] To the extent that respondent questioned the adequacy of services during her testimony at the termination hearing, it was too late. See *In re Terry*, 240 Mich App at 27 ("The time for asserting the need for accommodation in services is when the court adopts a service plan, not at the time of a dispositional hearing to terminate parental rights."). Respondent testified that no additional services were provided for housing. However, her attorney did not argue that petitioner failed to make reasonable reunification efforts.

but she was terminated from the first agency because of inconsistent attendance and stopped attending with the second agency. Respondent reported that she did not believe that IMH services were beneficial. Respondent fails to establish that the services provided were inadequate. Instead, the record demonstrates that she did not adequately participate and benefit from services. And, yet again, respondent fails to show that she would have fared better had additional services been offered.

Turning to respondent's mental health, respondent never completed therapy and was terminated from several providers because of her behavior. At the end of the termination hearing, she was no longer attending therapy, although she had an appointment scheduled to resume treatment. Given the multiple referrals that respondent was given, she fails to establish that the services provided were inadequate. Rather, respondent failed to adequately participate and benefit from the services provided and she fails to show that she would have fared better had additional services been offered.

Finally, with regard to her substance abuse, respondent consistently failed to attend her random weekly drug screens and tested positive for marijuana and cocaine on numerous occasions. On October 17, 2017, the trial court ordered a substance abuse assessment. On January 5, 2018, the trial court again ordered a substance abuse assessment. Although an assessment was ordered, there is no evidence regarding whether respondent was referred for the assessment and, if so, whether she completed it. However, on November 5, 2018, it was reported that respondent was not attending substance abuse treatment. Ultimately, there is no evidence that substance abuse treatment was offered or required. Respondent argues that she should have been provided a referral for substance abuse treatment, but there is no evidence that it was required by her treatment plan and she never requested a referral for such treatment. At the February 6, 2019 hearing, respondent indicated that she did not believe that any additional services were needed. Respondent fails to show that she would have fared better had additional services been provided, particularly given that she did not take full advantage of the services that were offered.

Given the numerous services provided, respondent fails to establish that petitioner did not make reasonable reunification efforts or that she would have fared better had additional services been offered. Instead, the evidence establishes that respondent failed to fully comply with or benefit from the numerous services that were provided. Accordingly, respondent fails to establish plain error affecting her substantial rights.

IV. BEST INTERESTS

Finally, respondent contends that termination of her parental rights was not in the children's best interests. We disagree.

"The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App at 713, citing MCL 712A.19b(5). This Court reviews "for clear error the trial court's determination regarding the children's best interests." *In re White*, 303 Mich App at 713.

In *In re White*, this Court stated:

> The trial court should weigh all the evidence available to determine the children's best interests. To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*Id*. at 713-714 (quotation marks and citations omitted).]

Although there was evidence of at least a slight bond between respondent and the children, the trial court did not clearly err by finding by a preponderance of the evidence that termination of respondent's parental rights was in the children's best interests. Respondent failed to benefit from parenting classes, failed to complete her mental health treatment, failed to obtain suitable housing, and continued to have substance abuse issues. All of these issues demonstrated her inability to provide permanency and stability. Furthermore, a guardianship with the maternal grandmother was not appropriate. And although the foster parents were not willing to adopt, a preadoptive home had been identified for the children. With regard to the fact that respondent had a third child after the trial court entered its termination order, she fails to establish that this should affect the trial court's best-interest determination with respect to the two children at issue in this appeal.

Respondent also argues that the trial court failed to consider her progress with her treatment plan, but the evidence showed that she had made little progress at the time of the termination hearing. Although the trial court did not address every factor listed in *In re White*, the court's factual findings were sufficient and there was sufficient testimony regarding this issue. Further, while respondent argues that there was no best-interest hearing, the record shows that it was combined with the termination hearing and the witnesses testified regarding the children's best interests. Finally, although respondent correctly observes that a child's placement with relatives weighs against termination, *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010), contrary to respondent's assertion, the children were not placed with a relative and the trial court properly found that this factor was not relevant in this case. The trial court did not clearly err by finding by a preponderance of the evidence that termination of respondent's parental rights was in the children's best interests given their young ages and their need for permanency and stability.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto
/s/ Anica Letica

-6-